UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AVERY SARTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:21-CV-399-KAC-DCP |
| v. ) | |
| ) | |
| BUDDY BRADSHAW, HENRY J. ) | |
| CULLEN, JULIA C. HURLEY, TIM ) | |
| GUIDER, JIMMY DAVIS, TONY ) | |
| ARDEN, JEFF RUSSELL, JAKE ) | |
| KEENER, RACHEL MOORE, KEN ) | |
| KAZOWA, UNNAMED LOUDON ) | |
| COUNTY GOVERNMENT EMPLOYEES ) | |
| AND ADMINISTRATORS, UNNAMED ) | |
| LOUDON COUNTY SHERIFF'S OFFICE ) | |
| EMPLOYEES AND ) | |
| ADMINISTRATORS, UNNAMED ) | |
| SOUTHERN HEALTH PARTNERS, ) | |
| EMPLOYEES AND ) | |
| ADMINISTRATORS, AND THE ) | |
| LOUDON COUNTY MUNICIPAL ) | |
| GOVERNMENT, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Plaintiff Avery Sarten, a pretrial detainee housed in the Loudon County Jail, has filed (1) a pro se Complaint under 42 U.S.C. 1983 [Doc. 1] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*], and this action will proceed only as to Plaintiff's claim for denial of medical care against Defendants Rachel Moore and Dr. Ken Kazowa, in their individual capacities.

I.      **MOTION TO PROCEED** *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 2] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 2].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Attorney General of the State of Tennessee. The Clerk is also **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     **SCREENING OF COMPLAINT**

A.      **Plaintiff's Allegations**

Plaintiff was booked in the Loudon County Jail on or about June 23, 2021 [*See* Doc. 1 p. 9, 17]. Prior to his incarceration, Plaintiff was diagnosed with human immunodeficiency virus ("HIV"), and his condition was treated with medication prescribed by a "Dr. Nario" [*Id.* at 9]. On or about July 8, 2021, Plaintiff "submitted a medical request" complaining of pain and advising of

his need for HIV medication [*Id.*]. When that request allegedly went unanswered, Plaintiff submitted another medical request for HIV treatment on or about July 27, 2021, which appears to have been made to Loudon County Jail Nurse Rachel Moore [*Id.*]. Nurse Moore responded, "I will let you know when I find out" [*Id.*]. Nurse Moore never followed up with Plaintiff [*Id.*].

Plaintiff requested medical treatment for near-constant headaches on September 22, 2021, and Nurse Moore prescribed him a three-day supply of Ibuprofen [*Id.*]. Plaintiff asserts that Nurse Moore refused, however, "to treat [Plaintiff's] HIV disease" [*Id.*]. Two days later, Plaintiff filed a grievance regarding his unresolved requests for medical intervention [*Id.* at 10]. That grievance also allegedly went unanswered, and Plaintiff filed a grievance appeal [*Id.* at 11].

On September 25, 2021, Plaintiff filed a medical request seeking treatment for headaches and the "droopy" face caused by his disease [*Id.* at 10]. Plaintiff was prescribed Ibuprofen but was not provided any HIV medication [*Id.* at 10-11]. Plaintiff again submitted a request for medical treatment on September 30, 2021 asking specifically to be treated for HIV in addition to the headaches [*Id.* at 11]. Nurse Moore responded, "I will contact Dr. Nario again," but Plaintiff has not been informed of any response [*Id.*]. Plaintiff maintains that Nurse Moore refuses to contact Dr. Nario, and that Jail Administrator/Captain Jake Keener stated in a response to one of Plaintiff's medical requests that "he will stand by his medical staff" [*Id.* at 12].

On or about October 28, 2021, Plaintiff received a medication that he was unfamiliar with, and he refused it [*Id.* at 12]. The following day, Plaintiff received the medication again, but by this time, the medication had been added to his medication list as "Biktarvy, 50/200/25mg" [*Id.* at 13]. The Court notes that Biktarvy is marketed as "a complete, 1-pill, once-a-day prescription medication used to treat HIV-1 in adults and children who weigh at least 55 pounds." *See* Biktarvy, https://www.biktarvy.com (last visited December 30, 2021).

3

Plaintiff claims that for approximately five (5) months, he received no treatment for HIV, and that he has still not had an examination or blood work performed to evaluate his T-cell count or viral load [Doc. 1 p. 13]. While Plaintiff presumes that Biktarvy is an HIV medication, he is concerned to take it without consulting with the "medical staff" [*Id*.]. Plaintiff states that Nurse Moore and "Jail Doctor" Dr. Kazowa "simply refuse to speak to me about the matter." [*Id*. at 4, 13].

Plaintiff sued "all Named Defendants" in their "Official and Individual" capacities [*Id.* at 5]. And he seeks injunctive, declaratory, and monetary relief against each defendant [Doc. 1-2 p. 11].

### B. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §§ 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

C.  **Analysis**

"There are two elements to a . . . [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

1.  **Official Capacity Claims**

In seeking to hold the Defendants liable in their official capacities, Plaintiff functionally seeks relief from the respective entities that employ Defendants.[1] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In this case, those entities appear to be Loudon County, Tennessee, and Southern Health Partners ("SHP") [*See* Doc. 1 p. 4-5].

Neither Loudon County nor SHP may be held liable merely because it has employed someone who allegedly violated Plaintiff's constitutional rights—it "cannot be held liable under

---

[1] To the extent that Plaintiff intends to sue Defendant "Loudon County Municipal Government" in its "official" capacity, the below analysis related to Loudon County is applicable, and Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5

§ 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, to demonstrate that Loudon County or SHP bears any constitutional liability, Plaintiff must identify a particular policy or custom of the entity and show that his specific injury was incurred due to the entity's execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights). Plaintiff has not set forth any facts from which the Court could infer that his constitutional rights were violated by a policy or custom of Loudon County or SHP. Accordingly, the Court will **DISMISS** Plaintiff's claims against all Defendants in their official capacities.

### 2. Individual Capacity Claims

#### a. Non-Medical Defendants

Plaintiff's Complaint contains no factual allegations against Defendants Buddy Bradshaw, Henry J. Cullen, Julia C. Hurley, Tim Guider, Jimmy Davis, Tony Arden, Jeff Russell, the unnamed Loudon County defendants, or the Loudon County Municipal Government.[2] As such, Plaintiff fails to state a cognizable claim against any of these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983). And Defendants Bradshaw, Cullen, Hurley, Guider,

---

[2] It is not clear to the Court precisely how the "Loudon County Municipal Government" could be sued in its "individual" capacity. However, the Court includes this analysis for completeness.

Davis, Arden, Russell, the unnamed Loudon County defendants, and the Loudon County Municipal Government will be **DISMISSED**.

The only factual allegation levied at Defendant Jake Keener, the Jail Administrator, is that Defendant Kenner responded to Plaintiff's medical request by stating that he would "stand by" his medical staff [Doc. 1 p. 12]. However, "a non-medically trained officer does not act with deliberate indifference to an inmate's medical needs when he reasonably deferred to the medical professionals' opinions." *McGaw v. Sevier Cnty.*, 715 F. App'x 495, 498 (6th Cir. 2017) (internal quotation marks and citation omitted). Plaintiff does not suggest that Defendant Keener has any medical training. Nor does Plaintiff state what information was made known to Defendant Keener or what decisions of the medical staff Defendant Keener deferred to. As such, Plaintiff has failed to state a cognizable claim against Defendant Keener for any constitutional wrongdoing, and he will be **DISMISSED**. *See, e.g., Iqbal*, 556 U.S. at 681.[3]

    b.    **Medical Defendants**

Under recent binding Sixth Circuit precedent, to sustain a claim against Nurse Moore, Dr. Kazowa, and/or the unnamed SHP Defendants for the unconstitutional denial of medical care, Plaintiff must demonstrate that (1) he "had an objectively serious medical need" and (2) that Defendants "action (or lack of action) was intentional (not accidental)" and Defendants "either (a) acted intentionally to ignore . . . [Plaintiff's] serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to . . . [Plaintiff], even though a reasonable official in . . . [each of the Defendant's] position would have known that the serious

---

[3] Moreover, to the extent Plaintiff's Complaint may be construed to complain about Defendant Keener's response itself, a supervising prison official cannot be held liable under Section 1983 for simply denying a grievance or failing to act. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008).

7

medical need posed an excessive risk to . . . [Plaintiff's] health or safety." *Brawner v. Scott Cnty, Tenn.*, 114 F.4th 585, 597 (6th Cir. 2021). To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) a condition diagnosed by a physician. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)).

Plaintiff has not levied any factual allegations against any unknown or unnamed SHP Defendants regarding the alleged denial of medical care. Therefore, these Defendants will be **DISMISSED**. *See, e.g., Frazier,* 41 F. App'x at 764. Thus, all that remains are Plaintiff's allegations against Nurse Moore and Dr. Kazowa.

Taking Plaintiff's allegations as true, as the Court must at this stage in the proceedings, Plaintiff may state a claim for denial of medical care against Defendants Nurse Moore and Dr. Kazowa.[4] HIV is an objectively serious medical condition requiring care. Plaintiff has alleged that he submitted medical requests identifying his serious medical condition and that neither Nurse Moore nor Dr. Kazowa will communicate with him about his condition or treatment [*See* Doc. 1 pp. 9-11, 13]. He also alleges that the required care is not being provided by the facility "medical staff," which can be liberally construed to include Nurse Moore and Dr. Kazowa [Doc. 1 p. 13]. Accordingly, given the Court's limited PLRA review, Plaintiff's allegations are sufficient to state a plausible claim for the denial of medical care against Nurse Moore and Dr. Kazowa in their individual capacities. At this time, Plaintiff may **PROCEED** with that claim.

### III. CONCLUSION

For the reasons set forth above:

---

[4] To the extent Plaintiff's claim is based on either Defendant's failure to communicate with, or refer Plaintiff to treatment with, Dr. Nario specifically, Plaintiff's allegation fails to state a claim. *See, e.g., Owens v. Sec'y of Fla. Dep't of Corr*., 812 F. App'x 861, 870 (11th Cir. 2020) (holding that the "Constitution requires the Government to provide [Plaintiff] with medical care, but it does not require the Government provide him with his physician of choice").

8

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2];

2. Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00);

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee, and the Court's financial deputy;

5. Plaintiff's denial-of-medical-care claim against Defendants Moore and Kazowa in their individual capacities will **PROCEED**;

6. The Clerk is **DIRECTED** to sign and seal the summonses for Defendants Moore and Kazowa [Doc. 1-2 p. 18-21] and forward them to the U.S. Marshal for Service in accordance with Rule 4 of the Federal Rules of Civil Procedure;

7. Defendants Moore and Kazowa shall answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If either Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default against that Defendant;

8. All other claims and Defendants are **DISMISSED**; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants, or their counsel of record, of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge