# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

AVERY SARTEN,              )
                               )
        Plaintiff,         )
                               )    No.:    3:21-CV-399-KAC-DCP
v.                                )
                               )
                               )
VALI KHAIROLLAHI,       )
                               )
        Defendant.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Avery Sarten is a former prisoner proceeding pro se and *in forma pauperis* in this action under 42 U.S.C. § 1983. On May 18, 2022, the Court entered an order giving Plaintiff twenty-one (21) days to show cause why this action should not be dismissed for Plaintiff's failure to request entry of default against the sole remaining Defendant, Vali Khairollahi [Doc. 28]. Plaintiff has not complied with the Court's Order, and the time for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a plaintiff's failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that

> failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order is due to Plaintiff's willfulness or fault. It appears that Plaintiff received the Order and chose not to comply, abandoning his action. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendant because he has not appeared or otherwise defended this action. Third, the Court's Order warned Plaintiff that this matter would be dismissed if he did not show good cause. Finally, alternative sanctions are not appropriate here because Plaintiff failed to comply with the Court's clear instructions. These factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

2